**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HUGHES BYNUM,

    Plaintiff,

v.                                 Case No. 8:07-CV-1581-T-30EAJ

JIM COATS, Sheriff, Pinellas County,

    Defendant.

                                 /

## O R D E R

Plaintiff Hughes Bynum filed a pro se prisoner civil rights complaint pursuant to 42 U.S.C. §1983 alleging that while he was incarcerated at Pinellas County Jail in Clearwater, Florida, Defendant violated his civil rights by subjecting him to cruel and unusual punishment related to lack of medical care (Dkt. 1).  Defendant is the Sheriff of Pinellas County (Id. at 6). Plaintiff also has filed a motion to proceed in this action *in forma pauperis* (Dkt. 2).

Title 28 U.S.C. §1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process to be applied by the Court *sua sponte*. *See* 28 U.S.C. § 1915(e)(2).

PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in early 2007, he contracted a "staph" infection which appeared as a pimple on his face, and the medical staff at Pinellas County Jail promptly treated and cured the infection.  Subsequently, Plaintiff noticed that he had on his buttocks another pimple similar to the one he previously had earlier in the year.  The pimple was painful and blood seeped from it.  On August 8, 2007, he completed a medical request form (a "Form #82"), and on August 8, 2007, a nurse examined him and confirmed that he had the "pimple" on his buttocks.

Plaintiff asserts that after he was examined, he waited nine (9) days before he was again seen in the medical department and received treatment for his infection.  He claims that during this nine (9) day period he experienced pain and embarrassment as others would laugh at him when they saw blood in the back of his boxer shorts.

Plaintiff claims Defendant was deliberately indifferent to his medical needs and deliberately delayed treatment.  He further claims that the "Inmate Handbook for the jail states a Form #82 request is responded to within 24 hours."  (Id. at 9).  Plaintiff seeks damages "for the pain and embarrassment experienced during the nine (9) days without medical treatment," and reimbursement of "the $8 co-pay taken from my account."  (Id. at 10).

DISCUSSION

Plaintiff does not specify whether he sues Defendant in his official capacity, in his individual capacity, or both. Accordingly, the Court will construe the complaint as suing Defendant in both his official and individual capacity. *See Hobbs v. Roberts*, 999 F.2d 1526,

2

1528-1532 (11th Cir. 1993).

To the extent Plaintiff sues Defendant in his official capacity, then this action is effectively an action against the governmental entity Defendant represents, which in this case is Pinellas County. *See Cook ex. rel Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005). A municipality may be liable in a §1983 action "only where the municipality *itself* causes the constitutional violation at issue." *Id.* (citations omitted) (emphasis in original). Thus, a plaintiff must establish that an official policy of custom of the municipality was the "moving force" behind the alleged constitutional deprivation. *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 693-694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The Supreme Court has thoroughly rejected the possibility of *respondeat superior* as a basis of liability in §1983 actions. *Id.* at 690-692. The Court finds the complaint is devoid of any facts indicating that a policy or custom of Pinellas County was the "moving force" behind Plaintiff's alleged lack of proper medical treatment.

To the extent Plaintiff intends to pursue a claim against Defendant in his individual capacity, the allegations in the complaint fail to support such a claim. Supervisory liability can be imposed under §1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). The complaint contains no factual allegations suggesting that Defendant personally participated in the alleged deliberate indifference to Plaintiff's medical needs.

Absent personal participation by Defendant, Plaintiff must show an affirmative causal connection between his acts and the alleged constitutional deprivation. *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection. *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez*, 325 F.3d at 1234) (remaining citations omitted).

Here, Plaintiff does not claim that Defendant instituted any custom or policy that resulted in deliberate indifference to his medical needs, nor does he infer that Defendant directed a subordinate to act unlawfully or knew that one would do so and failed to stop that person.

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, the Court

concludes that Plaintiff cannot establish that he could be granted relief against Defendant under any set of facts that could be proved consistent with the allegations made in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Therefore, Plaintiff's action will be dismissed for failure to state a claim on which relief may be granted.

**ACCORDINGLY**, it is **ORDERED** that:

1.      Plaintiff's complaint is **DISMISSED** for failure to state a claim for which the Court can grant relief.

2.      The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

3.      Pursuant to the Prison Litigation Reform Act (PLRA), Plaintiff is required to pay the filing fee of $350.00. To this end, he must submit the attached consent form to the institution at which he is incarcerated.

**DONE** and **ORDERED** in Tampa, Florida on September 17, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Plaintiff *pro se*

Attachment: Prisoner Consent Form

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HUGHES BYNUM,

      Plaintiff,

v.                                     Case No. 8:07-CV-1581-T-30EAJ

JIM COATS, Sheriff, Pinellas County,

      Defendant.

                      /

**PRISONER CONSENT FORM**
**AND FINANCIAL CERTIFICATE**

I, Hughes Bynum, Plaintiff in the above-entitled action, understand that:

1.     If I submit a **civil complaint** (for example, a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), **I must pay the $350.00 filing fee in full**. This means that, regardless of the Court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $350.00 FILING FEE; and

2.     I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer printout reflecting all transactions in my prison account for the six month period preceding the filing of my complaint. If I have not been incarcerated at this institution for six months, I must also obtain account printout(s) **from each penal facility** at which I may have been confined during the relevant six month period and provide the printout(s) to the authorized official completing my Financial Certificate. If I fail to provide printouts for the entire six month period or do not satisfactorily explain my inability to do so to the Court, my motion to proceed *in forma pauperis* may be denied and/or my case may be **dismissed without further notice**; and

3.     The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to forward to the Court an initial partial filing fee, which shall be 20% of my average monthly balance (line #2 of the Financial Certificate, below) or the average monthly deposits to my account (line #3 of the Financial Certificate, below), whichever is greater; and

4.      The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to make additional monthly payments from my account until the balance of the required $350.00 filing fee is paid.  These additional monthly payments will be equal to 20% of all of the preceding month's deposits to my account. Institution officials shall submit these monthly payments directly to the Court whenever the funds in my account exceed $10.00 until the full filing fee is paid.

 

| | |
|---|---|
| **Signature of Prisoner** | **Date** |
| **Prisoner's Name (print)** | **Prisoner Number** |

## FINANCIAL CERTIFICATE

(To Be Completed by Authorized Penal Official)

COMPUTER PRINTOUT(S) REFLECTING ALL TRANSACTIONS IN THE INMATE'S PRISON ACCOUNT(S) FOR THE PRECEDING SIX MONTHS **MUST** BE ATTACHED

1. CURRENT ACCOUNT BALANCE                                       _____

2. AVERAGE MONTHLY BALANCE FOR PRECEDING SIX MONTHS _____

3. AVERAGE MONTHLY DEPOSITS FOR PRECEDING SIX MONTHS _____

4. INITIAL FILING FEE: 20% of the greater of #2 or #3 _____

(Subject to verification by the Court.)

\*      It is the inmate's responsibility to obtain the required printout(s) from each institution at which the inmate may have been confined during the preceding six months and to provide them to the official completing this form.

If printouts or the above calculations do not represent the preceding six month period in its entirety, the official completing this form should explain here:

**I hereby certify that, as of this date, the above information for the prison account of the inmate named herein is correct.**

_____          _____
**Signature of Authorized Official**                              **Date**